IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY LEE PERKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-4547-P-BN |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Troy Lee Perkins has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, the Court should transfer the habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court should construe Petitioner's challenges to (1) the denial of Social Security benefits and (2) the prison conditions at TDCJ Hughes Unit as a prisoner civil rights complaint under 42 U.S.C. § 1983, sever and open those claims as a new civil action, and summarily dismiss the new civil case pursuant to the three-strikes rule of the Prison Litigation Reform Act.

**Background**

Petitioner was convicted of four counts of aggravated robbery with a deadly weapon and was sentenced to concurrent terms of 12 years of imprisonment. His eight out-of-time notices of appeal were dismissed for want of jurisdiction. *See Perkins v. State*, Nos. 05-13-01119-CR, 05-13-01120-CR, 05-13-01121-CR, & 05-13-01122-CR, 2013 WL 4859260 (Tex. App. – Dallas, Sept. 11, 2013, pet ref'd); *see also Perkins v. State*, No. 05-12-01511-CR, 2012 WL 6554532 (Tex. App. – Dallas, Dec. 13, 2012)*;*

*Perkins v. State*, Nos. 05-12-01512-CR, 05-12-01513-CR, & 05-12-01514-CR, 2012 WL 5949723 (Tex. App.– Dallas, Nov. 28, 2012). Petitioner has also filed 28 applications for state post-conviction relief. The first set of applications was denied without written order on the trial court's findings. *See Ex parte Perkins*, WR-72,726-03, WR-72,726-04, WR-72,726-05, & WR-72,726-06 (Tex. Crim. App. July 28, 2010). The remaining applications have been dismissed as successive pursuant to Article 11.07, Section 4. *See Ex parte Perkins*, WR-72,726-07 (Tex. Crim. App. May 23, 2012); *Ex parte Perkins*, WR-72,726-08, WR-72,726-09, & WR-72,726-10 (Tex. Crim. App. Aug. 15, 2012); *Ex parte Perkins*, WR-72,726-11, WR-72,726-12, WR-72,726-13, & WR-72,726-14 (Tex. Crim. App. Dec. 5, 2012); *Ex parte Perkins*, WR-72,726-15, WR-72,726-16, WR-72,726-17, & WR-72,726-18 (Tex. Crim. App. Mar. 20, 2013); *Ex parte Perkins*, WR-72,726-19, WR-72,726-20, WR-72,726-21, & WR-72,726-22 (Tex. Crim. App. Mar. 20, 2013); *Ex parte Perkins*, WR-72,726-23, WR-72,726-24, WR-72,726-25, & WR-72,726-26 (Tex. Crim. App. Oct. 23, 2013); *Ex parte Perkins*, WR-72,726-28, WR-72,726-29, WR-72,726-30, & WR-72,726-31 (Tex. Crim. App. Oct. 23, 2013).

Petitioner also filed an application for federal habeas relief, which was dismissed as barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. *See Perkins v. Thaler,* No. 3:10-cv-329-N-BF, 2011 WL 3511043 (N.D. Tex. May 26, 2011), *rec. adopted*, 2011 WL 3510910 (N.D. Tex. Aug. 9, 2011), *COA denied*, No. 11-10858 (5th Cir. Feb. 27, 2012). He has filed another habeas application that is currently pending before another district judge in this district. *See Perkins v. Texas*, No. 3:13-cv-4544-K-BF.

In this action, Petitioner seeks post-conviction relief on grounds that his

conviction and incarceration violate the Universal Declaration of Human Rights ("UDHR") because he was denied a fair hearing and civil commitment hearing and he was "denied [his] right to return to [his] country of Kentucky." Petitioner also claims that, under the UDHR, he has been improperly denied Social Security benefits during his imprisonment and has been subjected to "torture, cruel and inhumane/degrading treatment." Before the Court may consider his latest habeas petition, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Court of Appeals.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations. *See* 28 U.S.C. § 2244(b).

A prisoner may not proceed *in forma pauperis* in a civil case if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider

this successive Section 2254 petition. Petitioner must obtain such an order before another petition for post-conviction relief may be filed. Accordingly, this Section 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

Petitioner raises some claims that are not cognizable under the federal habeas statute. He argues that he has been improperly denied Social Security benefits and has been subjected to cruel and unusual punishment. These claims may be cognizable in a civil proceeding, including as a civil rights action pursuant to 42 U.S.C. § 1983. *See Presier v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

But Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in a civil action. *See Perkins v. Chatham*, No. 12-11203, 2013 WL 4123931, at *1 (5th Cir. Aug. 15, 2013) (recognizing that Perkins is "barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury"). He has made no showing that he is under imminent danger of serious physical injury.

Accordingly, he should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

Petitioner's civil claims should be severed, opened as a prisoner civil rights case (Nature of Suit: 550), and directly assigned to District Judge Jorge A. Solis and Magistrate Judge David L. Horan.

The new civil action should be summarily dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The dismissal should be with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as presented herein but without prejudice to the refiling of this lawsuit with full payment of the statutory filing fee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: November 15, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE